```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/2021
```

MIKE WHITE,

            Plaintiff,

    -v-

ERIC GUTWEIN; C. STORY; D. VENETOZZI; and T. GRIFFIN,

            Defendants.

20-cv-4532 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Mike White ("Plaintiff"), proceeding pro se, commenced this action on June 9, 2020 against Defendants Special Hearing Officer Eric Gutwein, Superintendent T. Griffin, Offender Rehabilitation Counselor C. Story, Commissioner A. Annucci, and Director D. Venettozzi (collectively, besides Annucci, "Defendants"). (ECF No. 1.) By Order of Service dated July 10, 2020, the Court dismissed claims against Defendant Commission A. Annucci. (ECF No. 8.) Subsequently, Defendants sought and were granted leave to move to dismiss Plaintiff's complaint on February 11, 2021. (ECF No. 19.) Plaintiff was initially required to serve his opposition to the motion to dismiss on April 12, 2021, however the Court granted Plaintiff two extensions: initially extending his opposition deadline until May 3, 2021 (ECF No. 22) before subsequently extending his opposition deadline until June 9, 2021 (ECF No. 27).

    Plaintiff did not serve any opposition to Defendants' motion to dismiss which was filed unopposed on June 24, 2021. (*See* ECF Nos. 29-31.) Around the same time that Plaintiff was required to serve his opposition, he instead prepared an application for appointment of counsel that was received by this Court on June 15, 2021. (*See* ECF No. 28.) The Court has reviewed

the letter from Plaintiff which restates the events giving rise to this action and states that he is unable to afford counsel, that the case issues are complex and involve video evidence, that a witness has left the facility, and that he has limited knowledge of the law. (*Id.*)

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent pro se litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308 09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in pro se cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60 62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the pro se litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61 62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the pro se litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60 61.

At this early stage of the proceedings, there is no indication that Plaintiff's position is likely to be of substance or that there are particularly complex issues requiring the appointment of pro bono counsel. In short, a more fully developed record will be necessary before it can be determined whether plaintiff's chances of success warrant the appointment of counsel. Accordingly, it is hereby ORDERED that plaintiff's June 15, 2021 application for the appointment of counsel is DENIED without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

In light of Plaintiff's apparent decision to focus his efforts on preparing an application for appointment of counsel to the detriment of his opposition to Defendants' motion to dismiss, the Court will *nunc pro tunc* grant him one additional extension to his deadline to serve an opposition to Defendants' motion to dismiss. The Court approves the following modified briefing schedule: Plaintiff's opposition is to be served (not filed) on August 9, 2021; Defendants' reply is to be served on August 24, 2021. All motion documents (including Plaintiff's) shall be filed by Defendants on the reply date, August 24, 2021. This is the **FINAL EXTENSION**. The parties shall provide two courtesy copies their respective motion papers to Chambers as the documents are served. As long as Judge Roman's Emergency Rules remain in place, Defendants shall provide electronic courtesy copies of all motion papers (including Plaintiff's) to Chambers via email as the documents are served.

In light of this Court's decision to grant Plaintiff one more chance to serve his opposition to Defendants' motion to dismiss, the Court denies Defendants' motion (ECF No. 28) solely in order to permit Plaintiff a chance to serve his opposition according to the new briefing schedule, and grants Defendant leave to refile their motion pursuant to the new briefing schedule. In the event that Plaintiff does not serve any opposition on or before August 9, 2021, or timely seek an

extension of his opposition deadline, Defendants are directed to re-file their unopposed motion to dismiss on August 24, 2021.

The Clerk of Court is directed to terminate the motions at ECF No. 28 and 30. The Clerk of the Court is further directed to mail a copy of this order to plaintiff along with a copy of ECF No. 31 (that is the memorandum Defendants filed in support of their motion to dismiss which he must respond to) at his address listed on ECF and to show proof of service on the docket.

Dated: July 6, 2021
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge