USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/21/22____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIKE WHITE,

                       Plaintiff,

  -against-

ERIC GUTWEIN, C. STORY, D. VENETTOZZI, and T. GRIFFIN

                       Defendants.

7:20-CV-04532 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, currently incarcerated at Green Haven Correctional Facility, commenced this *pro se* action under 42 U.S.C. § 1983. He asserts that Defendants denied him procedural due process during a disciplinary proceeding and failed to protect him from an assault.

    On July 28, 2022, the Court issued an Opinion and Order granting Defendants' motion to dismiss while also granting *pro se* Plaintiff leave to amend and replead any claims that were dismissed without prejudice. (ECF No. 43.) The Court allowed Plaintiff until September 14, 2022 to file an Amended Complaint consistent with the Opinion and Order. On September 13, 2022, the Court granted an extension of time (ECF No. 45), allowing Plaintiff an additional thirty (30) days, until October 14, 2022, to file an Amended Complaint. The Court did not receive Plaintiff's Amended Complaint by October 14, 2022, and in accordance with its prior Order at ECF No. 43, the Court dismissed Plaintiff's claims with prejudice. (ECF No. 48.) Plaintiff, however, mailed an Amended Complaint to the Court, which was received and filed to the docket on October 21, 2022. (Amended Complaint ("Am. Compl."), ECF No. 49.) Plaintiff certifies he submitted the

Amended Complaint to prison authorities for mailing on October 13, 2022. (Am. Compl. at 13; ECF No. 53.)

On October 28, 2022, this Court ordered Defendants to show cause as to "why the Court should not deem Plaintiff's Amended Complaint accepted given Plaintiff's pro se status and certification of timely filing and thus vacate the Court's Order at ECF No. 48 dismissing the claims with prejudice." Defendants responded on November 28, 2022. (ECF No. 51.) Defendants concede Plaintiff's Amended Complaint "was filed within the timeframe designated by the Court." (*Id.*) This Court thus accepts Plaintiff's Amended Complaint as timely filed. Nonetheless, for the foregoing reasons, this Court dismisses the claims asserted in the Amended Complaint for failure to allege plausible claims. In particular, Plaintiff's proposed amendments are futile.

## BACKGROUND

Because the limited factual allegations contained in Plaintiff's Amended Complaint are substantially the same as the ones contained in his original Complaint, the Court assumes familiarity with the facts of the case and the majority of its procedural history, which were laid out in detail in the Court's July 28, 2022 Opinion and Order. (*See* ECF No. 43.) At base, Plaintiff re-alleges he was not afforded sufficient due process in his disciplinary review at a state detention facility, and in turn, the lack of process resulted in his long-term relocation to the Special Housing Unit ("SHU") at Green Haven Correctional Facility. At the SHU, Plaintiff alleges, he experienced "harrowing conditions," marked by other inmates verbally threatening Plaintiff and throwing feces at him on numerous occasions. (Am. Compl. at 6–7.) Plaintiff also adds allegations relating to Defendant Lieutenant Deagan. (*See id.* at 4.) Plaintiff asserts Lieutenant Deagan ordered Plaintiff be transported to the SHU. (*Id.*) "Along the way" Lieutenant Deagan "prompted" officers to

"shove" Plaintiff into "three gates"; the officers obeyed, "causing [Plaintiff's] glasses to fall off." (*Id.*)  The officers then "crushed" Plaintiff's glasses.  (*Id.*)

In his Amended Complaint, Plaintiff appears to assert the same claims as those in the Original Complaint: malicious prosecution, violations of religious freedom, wrongful confinement, violations of his Eighth Amendment rights for failure to protect, failure to train, and the conditions of his confinement, and violations of his Fourteenth Amendment procedural due process rights.  Plaintiff also adds an Eighth Amendment excessive force claim.  Plaintiff asserts these claims against four of the same Defendants, Eric Gutwein, C. Story, D. Venettozzi, and T. Griffin, as well as new Defendants New York State Department of Corrections and Community Supervision ("DOCCS"), Lieutenant Deagan, and John & Jane Doe(s).

## LEGAL STANDARDS

### I. FUTILITY AND RULE 12(B)(6)

Pro se complaints are to be liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief."  *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)).  This "is particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  Pro se complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief."  *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

Although pro se plaintiffs are generally given leave to amend a deficient complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999), a district court may deny leave to amend when amendment would be futile because the problem with the claim "is

substantive [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Milanese v. Rust—Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility."). While courts should be more lenient when considering a pro se party's motion to amend than when considering that of a represented party, *see in re Sims*, 534 F.3d 117, 133 (2d Cir. 2008), leave to amend is properly denied where all indications are that the pro se plaintiff will be unable to state a valid claim, *see Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10–CV–2847, 2010 WL 3958432, at *2 (E.D.N.Y. Oct. 7, 2010).

Dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A court will not dismiss a claim where the allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**II.    SECTION 1983**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere

conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## DISCUSSION

### I. CLAIMS AGAINST DOCCS

This Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision ("DOCCS"). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents . . . ." *Gollomp*, 568 F.3d at 366. As New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), the Eleventh Amendment bars Plaintiff's § 1983 claims for damages against DOCCS.

### II. FAILURE TO TRAIN

Plaintiff's Complaint re-asserts "failure [. . .] to train" as a separate cause of action against the Defendants. A governmental entity's failure to adequately train its employees about the legal duty to avoid violating citizens' constitutional rights may indeed give rise to a Section 1983 action.

5

*Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (quoting *Monell v. N.Y. City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)); *see B. Braxton/Obed-Edom v. City of N.Y.*, 368 F. Supp. 3d 729 (S.D.N.Y. 2019).  However, as another court in this District has noted, "such claims may only be made against a municipality," rather than individual defendants. *Rodriguez v. City of N.Y.*, 649 F. Supp. 2d 301, 307 (S.D.N.Y. 2009).  In the present case, the Complaint includes allegations against Defendants who are *individuals*.  Even though Plaintiff now also includes DOCCS in the Amended Complaint, DOCCS is a state government entity and not a *municipal* government entity.  Therefore, the failure to train claim is inapplicable.  The Court dismisses Plaintiff's failure to train claim with prejudice.

### III.   PERSONAL INVOLVEMENT

Plaintiff fails to remedy the defects of the original Complaint as it relates to Defendants Griffin and Venettozzi.  For one, Plaintiff does not mention Defendant Griffin anywhere in the Amended Complaint aside from the caption; accordingly, Plaintiff cannot sustain any claims against him.  *Cf. Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) ("[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity.").  Plaintiff refers to Defendant Venettozzi in his allegations, but Plaintiff re-asserts the same allegations that the Court dismissed in the original Complaint.  As stated previously, it is not enough that Defendant Venettozzi "affirmed" a decision of a hearing officer, (Am. Compl. at 6); allegations that Defendant was "acting in his supervisory role in the chain of command . . . [are] insufficient to establish personal involvement." *White v. Gutwein*, No. 20-CV-4532 (NSR), 2022 WL 2987554, at *10 (S.D.N.Y. July 28, 2022). Accordingly, Plaintiff cannot sustain claims against Defendant Venettozzi either.

For the same reasons, Plaintiff cannot sustain claims against John & Jane Doe(s), whom he does not mention anywhere in the Amended Complaint aside from the caption.

The Court dismisses Plaintiff's claims against Defendants Griffin, Venettozzi, and John & Jane Doe(s) without prejudice.

## IV.   STATUTE OF LIMITATIONS

In their response to the Court's Order to Show Cause, Defendants argue the applicable statute of limitations bars Plaintiff from asserting claims that arise from conduct occurring before June 5, 2017.  Defendants are correct.

Claims under 42 U.S.C. § 1983 asserted in New York based on personal injuries, such as Plaintiff's claims premised on Eighth Amendment violations, are subject to a three-year statute of limitations.  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing N.Y. C.P.L.R. § 214); *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).  Assuming Plaintiff's original Complaint was filed on the day he signed the Complaint, June 5, 2020, any claims that accrued prior to June 5, 2017 are time barred.  As such, the Court dismisses with prejudice the following claims: (1) excessive force by Defendant Deagan, which occurred while prison staff under his supervision were transporting Plaintiff to SHU on March 10, 2017; (2) due process violations by Defendants Gutwein and Story that occurred prior to the start of the disciplinary hearing on March 16, 2017; (3) due process violations by Defendants Gutwein and Story that occurred during the disciplinary hearing between March 16, 2017 and April 7, 2017; and (4) failure to protect violations by any Defendants based on claim that another incarcerated individual assaulted Plaintiff on, or prior to, May 8, 2017, when Plaintiff previously alleges he received a ticket for the incident.  (*See* ECF No. 2 at 14.)

In sum, the only remaining claims are as follows: Plaintiff's Eighth Amendment claim based on his conditions of confinement and claims for malicious prosecution, violations of religious freedom, and wrongful confinement. The Court turns first to Plaintiff's remaining Eighth Amendment claim.

## V.     EIGHTH AMENDMENT: CONDITIONS OF CONFINEMENT

The Cruel and Unusual Punishments Clause of the Eighth Amendment requires prison officials to "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish an Eighth Amendment claim based on conditions of confinement, the inmate-plaintiff "must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996). Specifically, Plaintiff must show (1) such an "objectively, sufficiently serious" deprivation that has denied him even "the minimal civilized measure of life's necessities," and (2) a "sufficiently culpable state of mind" on the defendant-official's part, such as "deliberate indifference" to the inmate's health or safety. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001); *see Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985).

Plaintiff's amended allegations depict "harrowing conditions." (Am. Compl. at 6.) Plaintiff describes inmates repeatedly yelling verbal threats and targeting Plaintiff with feces "at all hours of the day or night," forcing Plaintiff to deploy one of his bedsheets as a shield. (*Id.* at 7.) Plaintiff's conditions of confinement, as alleged, go beyond incessant shouting, toxic smells, and the throwing of feces, *cf. Grant-Cobham v. Martinez*, 20-cv-1947 (BMC) (LB), 2020 WL 2097807, at *3 (E.D.N.Y. May 1, 2020) (holding that the combination of fellow inmates' throwing of feces and all-day screaming noise, terrible smells of garbage and smoke, and verbal abuse by prison personnel represents the ordinary, "unpleasant aspects of prison conditions"); instead,

Plaintiff is a *target* of such activity so frequently so as to necessitate psychiatric treatment. (Am. Compl. at 7.) The conditions as alleged are enough to "warrant medical attention," "impair Plaintiff's daily activities," or "generate chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Indeed, Plaintiff alleges as much: the conditions have caused him "massive trauma" (for which he now needs "psychiatric help") and "sleep deprivation." (Am. Compl. at 7.) Plaintiff's allegations, construed liberally, show an "objectively, sufficiently serious" deprivation that has denied him even "the minimal civilized measure of life's necessities." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (citations omitted).

Plaintiff, however, fails to show any of the Defendants possessed a "sufficiently culpable state of mind," such that they displayed a deliberate indifference to Plaintiff's health or safety. *Farmer*, 511 U.S. at 834. Aside from generalized allegations that "all of the officers or any staff who came through" were within "hearing distance" of "what was going on" and that footage of the incidents was "captured" and "heard" by security staff (Am. Compl. at 7), Plaintiff does not suggest any of the Defendants were present in the SHU during the relevant time period. Even more, Plaintiff does not suggest any of the Defendants knew other inmates were targeting Plaintiff and placing Plaintiff at an "excessive risk" to his health or safety. As this Court previously suggested, "[a]bsent allegations to that effect, Plaintiff has not sufficiently alleged that Defendants acted with the culpable state of mind to sustain an Eighth Amendment claim." *White v. Gutwein*, No. 20-CV-4532 (NSR), 2022 WL 2987554, at *7 (S.D.N.Y. July 28, 2022).

The Court dismisses Plaintiff's Eighth Amendment conditions of confinement claim without prejudice.

## VI.    OTHER CLAIMS

Lastly, this Court dismisses any of Plaintiff's remaining claims for malicious prosecution, violations of religious freedom, and wrongful confinement because Plaintiff has again included "minimal, if any, factual allegations on these issues" in his Amended Complaint. *Id.* at *9. In his original Complaint, Plaintiff did not allege that he ultimately won his disciplinary hearing or that Defendant Gutwein otherwise possessed a motive to find against Plaintiff in that disciplinary hearing. *See id.* Without these allegations, Plaintiff could not "sustain" his malicious prosecution claim. *Id.* Plaintiff has not added any new allegations, and as such, this Court dismisses his claims for malicious prosecution. This Court also made clear that Plaintiff's allegation that he "missed Ramadan because of this [SHU] confinement" was insufficient to "sustain" a religious freedom claim. *Id.* Plaintiff has not added any new allegations, and as such, this Court also dismisses his claim for violations of religious freedom. Lastly, as this Court previously noted, Plaintiff's wrongful confinement claim is duplicative of his conditions of confinement and due process claims. *Id.* Plaintiff failed to address this deficiency in the Amended Complaint, and thus this Court dismisses Plaintiff's claim for wrongful confinement.

Because Plaintiff failed to remedy the deficiencies of his remaining claims for malicious prosecution, violations of religious freedom, and wrongful confinement, these claims are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is DISMISSED for failure to allege plausible claims. The Court dismisses the following claims **with prejudice**: (1) all failure to train claims, (2) all claims relating to alleged constitutional violations arising before June 5, 2017; and (3) all claims for malicious prosecution, violations of religious freedom, and wrongful

10

confinement.  The Court dismisses the following claims **without prejudice**: all Eighth Amendment conditions of confinement claims arising on or after June 5, 2017.

Plaintiff is granted leave to replead those claims that were dismissed without prejudice.  He may file a Second Amended Complaint consistent with this Opinion on or before February 22, 2023.  Failure to file a Second Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal **with prejudice** of all claims that this Court has dismissed without prejudice in this Opinion.  Plaintiff is further advised that an amended complaint, in this case a second amended complaint, completely supplants the previous complaint.  In other words, he must include all allegations he wishes to be considered in the Second Amended Complaint, and if he fails to include any allegations, he cannot rely upon the fact that he previously asserted allegations in the Complaint or Amended Complaint.  The Court will not be consolidating multiple complaints.  A Second Amended prisoner civil rights complaint form is attached to this Opinion.

If Plaintiff files a Second Amended Complaint, remaining Defendants are directed to file an answer or responsive pleading to the Second Amended Complaint on or before March 24, 2023.

The Clerk of Court is respectfully directed to (1) vacate the Court's Endorsement at ECF No. 48 and (2) re-open the case.  The Clerk of the Court is further directed to mail a copy of this Opinion & Order to pro se Plaintiff at his address listed on ECF.

SO ORDERED.

Dated:   December 21, 2022
         White Plains, New York

_____
         NELSON S. ROMÁN
         United States District Judge