UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIKE WHITE,

                    Plaintiff,

     -against-

ERIC GUTWEIN, C. STORY, D. VENETTOZZI,
and T. GRIFFIN

                    Defendants.

7:20-CV-04532 (NSR)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___9/6/2023___

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently incarcerated at Green Haven Correctional Facility, commenced this *pro se* action under 42 U.S.C. § 1983.  He asserts that Defendants denied him procedural due process during a disciplinary proceeding and failed to protect him from an assault.

On July 28, 2022, the Court issued an Opinion and Order granting Defendants' motion to dismiss while also granting *pro se* Plaintiff leave to amend and replead any claims that were dismissed without prejudice.  (ECF No. 43.)  The Court allowed Plaintiff until September 14, 2022 to file an Amended Complaint consistent with the July 28, 2022 Opinion and Order.  On September 13, 2022, the Court granted an extension of time (ECF No. 45), allowing Plaintiff an additional thirty (30) days, until October 14, 2022, to file an Amended Complaint.  The Court did not receive Plaintiff's Amended Complaint by October 14, 2022, and in accordance with its prior Order at ECF No. 43, the Court dismissed Plaintiff's claims with prejudice.  (ECF No. 48.)  Plaintiff, however, mailed an Amended Complaint to the Court, which was received and filed to the docket on October 21, 2022.  (Amended Complaint ("Am. Compl."), ECF No. 49.)  Plaintiff certifies he

submitted the Amended Complaint to prison authorities for mailing on October 13, 2022. (Am. Compl. at 13; ECF No. 53.)

On October 28, 2022, this Court ordered Defendants to show cause as to "why the Court should not deem Plaintiff's Amended Complaint accepted given Plaintiff's *pro se* status and certification of timely filing and thus vacate the Court's Order at ECF No. 48 dismissing the claims with prejudice." Defendants responded on November 28, 2022. (ECF No. 51.) Defendants conceded Plaintiff's Amended Complaint "was filed within the timeframe designated by the Court." (*Id.*) In an Opinion & Order dated December 21, 2022, this Court accepted Plaintiff's Amended Complaint as timely filed. (ECF No. 54 at 2.) Nonetheless, the Court dismissed the claims asserted in the Amended Complaint for failure to allege plausible claims. (*Id.*) In particular, the Court deemed Plaintiff's proposed amendments to be "futile." (*Id.*) In so doing, the Court dismissed the following claims **without** prejudice: all Eighth Amendment conditions of confinement claims arising on or after June 5, 2017. (*Id.* at 11.) The Court dismissed the remaining claims **with** prejudice: (1) all failure to train claims, (2) all claims relating to alleged constitutional violations arising before June 5, 2017; and (3) all claims for malicious prosecution, violations of religious freedom, and wrongful confinement. (*Id.* at 10–11.) The Court then granted Plaintiff leave to amend and replead any claims that were dismissed without prejudice. (*Id.* at 11.) The Court allowed Plaintiff until February 22, 2023 to file a Second Amended Complaint consistent with the December 21, 2022 Order & Opinion. (*Id.*)

Since the Court's December 21, 2022 Order & Opinion, the Court has granted Plaintiff two extensions of time to file a Second Amended Complaint. (ECF Nos. 56 & 60.) Plaintiff is yet to file a Second Amended Complaint. Instead, Plaintiff wrote a letter to the Court, dated May 24, 2023, requesting clarification on whether he could replead claims relating to alleged constitutional

violations arising before June 5, 2017.  (ECF No. 61.)  Although these claims were previously dismissed with prejudice because they were deemed time-barred (ECF No. 54 at 7), Plaintiff notes that former Governor Cuomo issued New York Executive Order 202.8 on March 20, 2020, tolling the time limits for filing legal actions.  The Court interprets Plaintiff's letter as a motion for partial reconsideration of the Court's December 21, 2022 Order & Opinion, insofar as that Order & Opinion dismissed with prejudice time-barred claims.  The Court assumes the parties' familiarity with the facts of the case and its procedural history, which were laid out in detail in the Court's prior decisions.  (*See* ECF Nos. 43 & 54.)  For the following reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion for reconsideration.

## LEGAL STANDARDS

### I.    MOTION FOR RECONSIDERATION

Motions for reconsideration are governed by Local Civil Rule 6.3, and the standard for granting a motion for reconsideration "is strict." *McCloud v. Perez*, No. 17-CV-1827(AJN)(KNF), 2018 WL 5818103, at *1 (S.D.N.Y. Aug. 17, 2018) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Generally, reconsideration will only be granted if the moving party can point to matters which "might reasonably be expected to alter the conclusion reached by the court," *Mahadeo v. N.Y. City Campaign Fin. Bd.*, 514 F. App'x 53, 55 (2d Cir. 2013), including "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Doe v. N.Y. City Dep't of Soc. Serv.*, 709 F.2d 782, 789 (2d Cir. 1983) (internal quotation marks omitted).

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation

omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-CV-3430, 05-CV-4759, 05-CV-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).  A motion for reconsideration "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted).  Nor is such a motion "an occasion for repeating old arguments previously rejected."  *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *2 (S.D.N.Y. Sept. 23, 2008) (internal quotation marks omitted).  Further, the decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

## II.     FUTILITY AND RULE 12(B)(6)

Plaintiff's motion asks the Court to reconsider its December 21, 2022 Opinion & Order, in which the Court ruled the Amended Complaint to be "futile."  As such, the Court outlines below the relevant standards governing its review of a complaint for futility.

*Pro se* complaints are to be liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief."  *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)). This "is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief."  *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

Although *pro se* plaintiffs are generally given leave to amend a deficient complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir. 1999), a district court may deny

leave to amend when amendment would be futile because the problem with the claim "is substantive [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Milanese v. Rust—Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility."). While courts should be more lenient when considering a *pro se* party's motion to amend than when considering that of a represented party, *see in re Sims*, 534 F.3d 117, 133 (2d Cir. 2008), leave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim, *see Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10–CV–2847, 2010 WL 3958432, at *2 (E.D.N.Y. Oct. 7, 2010).

Dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A court will not dismiss a claim where the allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, the Court may consider the documents that are "asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). One way a document may be deemed incorporated by reference

is where the complaint "refers to" the document. *EQT Infrastructure Ltd. v. Smith*, 861 F.Supp.2d 220, 224 n.2 (S.D.N.Y. 2012).

## III.   SECTION 1983

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## DISCUSSION

## I.   STATUTE OF LIMITATIONS

In Plaintiff's motion for reconsideration, Plaintiff observes that New York Executive Order 202.8, which was issued on March 20, 2020, tolled the time limits for filing legal actions.  Plaintiff is correct.

Claims under 42 U.S.C. § 1983 asserted in New York based on personal injuries, such as Plaintiff's claims premised on Eighth and Fourteenth Amendment violations, are subject to a three-year statute of limitations.  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing N.Y.

6

C.P.L.R. § 214); *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).   Under this standard, as the Court concluded in its December 21, 2022 Opinion & Order, "any claims that accrued prior to June 5, 2017 are time barred."   (ECF No. 54 at 7.)   These claims included the following claims: "(1) excessive force by Defendant Deagan, which occurred while prison staff under his supervision were transporting Plaintiff to SHU on March 10, 2017; (2) due process violations by Defendants Gutwein and Story that occurred prior to the start of the disciplinary hearing on March 16, 2017; (3) due process violations by Defendants Gutwein and Story that occurred during the disciplinary hearing between March 16, 2017 and April 7, 2017; and (4) failure to protect violations by any Defendants based on claim that another incarcerated individual assaulted Plaintiff on, or prior to, May 8, 2017, when Plaintiff previously alleges he received a ticket for the incident."   (*Id.*)

The Court, however, neglected to account for New York Executive Order 202.8, issued by Governor Cuomo on March 20, 2020.   Executive Order 202.8 tolled "any specific time limit for the commencement, filing, or service of any legal action . . . as prescribed by the procedural laws of the state."   *E.g., Bonilla v. City of New York*, No. 20-cv-1704 (RJD) (LB), 2020 WL 6637214, at *1 (E.D.N.Y. Nov. 12, 2020).   Executive Order 202.8 ultimately tolled the limitations period from March 20, 2020 through November 3, 2020, for a total of 228 days.   *E.g., Paul v. Capra*, No. 20-CV-5154 (NSR), 2022 WL 992845, at *6 (S.D.N.Y. Mar. 31, 2022).   As such, any claims that accrued prior to March 20, 2017 are time-barred, while claims accruing after March 20, 2017 are not.   In effect, that means the following claims are time-barred: (1) excessive force by Defendant Deagan, which occurred while prison staff under his supervision were transporting Plaintiff to SHU on March 10, 2017; (2) due process violations by Defendants Gutwein and Story that occurred prior to the start of the disciplinary hearing on March 16, 2017; and (3) due process

violations by Defendants Gutwein and Story that occurred during the disciplinary hearing between March 16, 2017 and April 7, 2017, to the extent those violations occurred prior to March 20, 2017.[1] Although the Court previously dismissed these claims with prejudice, the Court now does so without prejudice.  Given the timing of the expiration of the limitations periods (March 10 and March 16, 2020, respectively) and the unique circumstances of the COVID-19 pandemic in that specific period of time,[2] the Court grants Plaintiff leave to replead these claims, including allegations stating why the Court ought equitably toll the statute of limitations.

The Court now turns to address Plaintiff's claims for failure to protect, which accrued on May 8, 2017 and are now deemed timely by the Court's proper application of Executive Order 202.8.

## II.    FAILURE TO PROTECT

Plaintiff claims Defendants violated his Eighth Amendment rights by failing to protect him from an assault by one of his neighbors.  Plaintiff alleges his assailant punched him in the "face and head about 20 or 30 times," threw Plaintiff to the ground, and slammed Plaintiff's head into the ground until Plaintiff lost consciousness.  (ECF No. 49 at 8.)

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain and imposes a duty on prison officials to take "reasonable measures to guarantee the safety of inmates" in their custody.  *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994); *Hayes v. N.Y. City Dep't of*

---

[1] Plaintiff alleges the hearing took place on March 16, 2017.  Defendants, however, filed an exhibit at ECF No. 51 providing details about the hearing.  (ECF No. 51 at 7.)  According to the exhibit, the hearing began on March 16, 2017, and ended on April 7, 2017.  (*Id.*)  Because Plaintiff provides no allegations about any hearing occurring after March 16, 2017, the Court dismisses without prejudice the due process claims against Defendants Gutwein and Story.

[2] The Court may take judicial notice of "relevant matters of public record."  *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (citation omitted).  To that end, the Court notes that on March 11, 2020, the World Health Organization declared COVID-19 a pandemic, and on March 13, 2020, the President of the United States responded to the outbreak by declaring a national emergency.

*Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).  Among other things, prison officials bear "a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 825.

To assess a failure to protect claim, the Court applies a two-pronged framework of analysis: first, the conditions of the alleged deprivation must be "sufficiently serious under an objective standard" such that Plaintiff's conditions pose a "substantial risk of serious harm" to him; second, "the charged prison officials [must have] acted with a sufficiently culpable state of mind," including (but not limited to) deliberate indifference to the inmate's safety.  *Knowles v. N.Y. City Dep't of Corr.*, 904 F. Supp. 217, 221 (S.D.N.Y. 1995) (citing *Farmer*, 511 U.S. at 834); *see Hayes*, 84 F.3d at 620.  Put differently, a successful failure to protect claim typically requires the prisoner-plaintiff to "establish both that a substantial risk to his safety actually existed and that the offending prison officials knew of and consciously disregarded that risk," or otherwise demonstrate "evil intent, recklessness, or at least deliberate indifference."  *Baines v. City of N.Y.*, No. 01 Civ.2645 PKC GWG, 2004 WL 213792, at *6 (S.D.N.Y. Feb. 5, 2004); *Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985).

Here, the allegations in the Amended Complaint are less descriptive than those in the Complaint, which the Court likewise dismissed.  With respect to the objective prong of the analysis, "there is no allegation that the assaulter had previously attacked Plaintiff or otherwise threatened him prior to the assault." (ECF No. 43 at 8.)  Without more, "the Court can hardly infer . . . that Plaintiff was objectively under a substantial risk to his safety, as opposed to just a merely possible one." (*Id.*) (internal quotations omitted.)  Moreover, Plaintiff does not meet the subjective prong of the analysis as he does not allege any facts to suggest any Defendant "knew, or should have known, the assaulter's past pattern of violence or that they contributed to the ensuing risk to

Plaintiff." (*Id.* at 10.)  Accordingly, the Court dismisses without prejudice Plaintiff's failure to protect claim.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part.

Plaintiff's motion is GRANTED insofar as the following claims—previously deemed dismissed **<u>with</u>** prejudice—are now dismissed **<u>without</u>** prejudice: (1) excessive force by Defendant Deagan, which occurred while prison staff under his supervision were transporting Plaintiff to SHU on March 10, 2017; (2) due process violations by Defendants Gutwein and Story that occurred prior to the start of the disciplinary hearing on March 16, 2017; (3) due process violations by Defendants Gutwein and Story that occurred during the disciplinary hearing between March 16, 2017 and April 7, 2017; and (4) failure to protect violations by any Defendants based on claim that another incarcerated individual assaulted Plaintiff on, or prior to, May 8, 2017.

Plaintiff's motion is DENIED in all other respects.

In sum, between the Court's December 21, 2022 Opinion & Order and the present Opinion & Order, the Court has dismissed the following claims **<u>with</u>** prejudice: (1) all failure to train claims; and (2) all claims for malicious prosecution, violations of religious freedom, and wrongful confinement.  Meanwhile, the Court has dismissed the following claims without prejudice: (1) excessive force by Defendant Deagan, which occurred while prison staff under his supervision were transporting Plaintiff to SHU on March 10, 2017; (2) due process violations by Defendants Gutwein and Story that occurred prior to the start of the disciplinary hearing on March 16, 2017; (3) due process violations by Defendants Gutwein and Story that occurred during the disciplinary hearing between March 16, 2017 and April 7, 2017; (4) failure to protect violations by any

Defendants based on claim that another incarcerated individual assaulted Plaintiff on, or prior to, May 8, 2017; and (5) all Eighth Amendment conditions of confinement claims arising on or after March 20, 2017.

Plaintiff is again granted leave to replead those claims that were dismissed without prejudice.  Plaintiff is reminded that to the extent these claims accrue prior to March 20, 2017, he must include allegations stating why the Court ought equitably toll the statute of limitations.  He may file a Second Amended Complaint consistent with this Opinion & Order on or before October 23, 2023.  Failure to file a Second Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal **with prejudice** of all claims that this Court has dismissed without prejudice in this Opinion.  Plaintiff is further advised that an amended complaint, in this case a second amended complaint, completely supplants the previous complaint. In other words, he must include all allegations he wishes to be considered in the Second Amended Complaint, and if he fails to include any allegations, he cannot rely upon the fact that he previously asserted allegations in the Complaint or Amended Complaint.  The Court will not be consolidating multiple complaints.  A Second Amended prisoner civil rights complaint form is attached to this Opinion.  If Plaintiff files a Second Amended Complaint, remaining Defendants are directed to file an answer or otherwise seek leave to move in response to the Second Amended Complaint on or before November 13, 2023.

Plaintiff is further advised that he may consult the legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

11

To receive limited-scope assistance from the Clinic, the Plaintiff may mail a signed retainer and intake papers to the NYLAG Pro Se Clinic at 40 Foley Square, Room LL22, New York, NY 10007.  Once the paperwork is received, the Clinic will coordinate contact with the litigant.  Once received, it may take up to two weeks for the Clinic to contact the litigant.  Please see the attached pages for the Clinic's retainer and intake paperwork.

The Clerk of the Court is respectfully directed to mail a copy of this Opinion & Order to *pro se* Plaintiff at his address listed on ECF.

SO ORDERED.

Dated:    September 6, 2023
          White Plains, New York

_____
        NELSON S. ROMÁN
     United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

## SECOND AMENDED
# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
## New York Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE SOUTHERN DISTRICT OF NEW YORK

### LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II.  FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.


_____                    _____

Signature                                                                              Date




**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

**NYLAG**
New York | Legal Assistance Group

**Name** _____    **Date of Birth** _____

**Facility** _____

**Identification #** _____    **Email (if available)**_____

<u>**How did you hear about our clinic? (Circle One)**</u>

Pro Se Intake Office                Order/Letter from the Judge            Conference/Hearing with the Judge

Pro Se Information Package        Website                                Friend/Family

Other _____

<u>**Ethnicity (Circle One)**</u>

Asian/Pacific Islander            Hispanic                    Caucasian

African American                 Middle Eastern              Decline to Answer

African                          Caribbean

Native American                  South Asian

<u>**Education Level (Circle One)**</u>

8th Grade or Less            GED                         2-4 years of College/Vocational School

Some high school                 College graduate            Decline to Answer

High school graduate             Graduate degree

<u>**Gender:**</u> _____

<u>**SDNY Case Number:**</u> _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**